UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

PABLO PLAZA *a/k/a Paul*,

       Defendant.

Case # 10-CR-6096-FPG

ORDER

  On July 28, 2016, a jury issued its verdict in this matter as to, among other defendants, Defendant Pablo Plaza. ECF No. 871. Defendant Plaza appealed, ECF No. 917, and his conviction was affirmed by summary order. *See United States v. Plaza*, 757 F. App'x 42 (2d Cir. 2018) (summary order). The mandate was issued on December 26, 2018. ECF No. 1097. In a letter dated September 18, 2019, Defendant Plaza moved to extend the time to file "[a] 2255 motion," ECF No. 1111 at 1, which the Court denied because "district courts cannot grant extensions of time to file petitions for writs of habeas corpus." ECF No. 1112. Approximately six months later—on March 17, 2020—Defendant Plaza moved to "join-in the Rule 33 Motion filed by co-defendant James Dean Kendrick." ECF No. 1138 at 1. Since then, Defendant Plaza has filed several letters requesting to "join" in Defendant Kendrick's supplemental Rule 33 motions (and related motions for discovery). *See* ECF Nos. 1185, 1234, 1381. The government opposes Defendant Plaza's requests, arguing, *inter alia*, that the requests are untimely under Rule 33. ECF No. 1387 at 1-2. Because the Court agrees that Defendant Plaza's requests are untimely, his motions and letter requests are DENIED.

  Under Rule 33, a motion for a new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). For motions grounded on newly discovered evidence, the motion "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Defendant Plaza's motion is untimely under either provision, as he did not mail his original motion to "join" in

1

Defendant Kendrick's Rule 33 motion (March 17, 2020) until nearly three years and eight months after the jury verdict (July 28, 2016).[1] Furthermore, although the time limits set forth in Rule 33 may be extended "if the moving party failed to act because of 'excusable neglect,'" *United States v. Brennerman*, 816 F. App'x 583, 587 (2d Cir. 2020) (summary order) (quoting Fed. R. Crim. P. 45(b)(1)(B)), Defendant Plaza has not filed any response to the government's argument regarding untimeliness, let alone proffered facts sufficient to show such excusable neglect. *See United States v. DiPietro*, 278 F. App'x 60, 61 (2d Cir. 2008) (summary order) (no abuse of discretion when district court did not extend the time limitations for Rule 33 motion, where the defendant "fail[ed] to ask for an extension of the time limits under Rule 33" and "the Government raised and argued the untimeliness of [the defendant's] motion in its response to the Rule 33 motion"). Accordingly, Defendant Plaza's Rule 33 motions and related letter requests are DENIED.

IT IS SO ORDERED.

Dated: June 7, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] Unlike co-defendant Kendrick, Defendant Plaza never moved for an extension of time to file a Rule 33 motion. *See* ECF Nos. 1108, 1109.